*In re* LOCKETT

Docket No. 91071. Submitted April 13, 1987, at Detroit. Decided May 18, 1987.

The Wayne County Probate Court, James E. Lacey, J., terminated the parental rights of respondent, Sharon Lockett-Bayn, to her minor children on grounds of neglect. Respondent appealed.

The Court of Appeals *held:*

The trial court erred in failing to sua sponte appoint counsel for respondent at a statutory review hearing held after the termination petition had been filed. Furthermore, there is a question as to whether counsel should have been sua sponte appointed for respondent at an earlier hearing at which respondent's visitation rights were terminated, although the termination of parental rights petition had not yet been filed.

Reversed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — RIGHT TO COUNSEL — COURT RULES.

A probate court must sua sponte appoint counsel to represent an indigent parent at hearings which may involve termination of parental rights unless the parent is already represented or waives the right to counsel (MCR 5.906[C][2][b]).

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Susan Randolph,* Assistant Prosecuting Attorney, for petitioner.

*Christina Vadino,* for the minor children.

*Kathryne A. O'Grady,* for respondent.

REFERENCES

Am Jur 2d, Constitutional Law § 842.

Right of indigent parent to appointed counsel in proceeding for involuntary termination of parental rights. 80 ALR3d 1141.

Before: J. H. Gillis, P.J., and Beasley and Sawyer, JJ.

Per Curiam. Respondent's parental rights in her minor children were terminated by the probate court pursuant to MCL 712A.19a(e) and (f); MSA 27.3178(598.19a)(e) and (f). On appeal, respondent raises several issues, one of which is dispositive.

The minor children originally came within the jurisdiction of the probate court following allegations of abuse raised in a report filed by a physician at the Mt. Carmel Hospital on October 25, 1981. The children were originally allowed to stay in the family home under the supervision of the Department of Social Services, though eventually the children were placed in foster care. By 1983, respondent and the children's father were divorced and respondent took up residence with a male friend. At that time, respondent was allowed weekend visitation with the children. However, by late 1983, the DSS became aware of allegations of sexual abuse of the older children by respondent's friend during the visits. Visitation was suspended in February of 1984. Respondent has steadfastly denied these allegations. Termination of parental rights was not initially sought, rather the DSS attempted to work with respondent by way of a counseling program.

However, at the statutory review hearing on February 21, 1984, at which respondent's visitation rights were terminated, the trial court also informed the children's father that the next step in the proceeding would be the termination of parental rights. Similarly, on November 1, 1984, another statutory review hearing was held and respondent was unrepresented by counsel. Furthermore, a termination petition had been filed prior to that November hearing. The court rule in

effect at the time, JCR 6.3(A)(2)(b), provided when the probate court must sua sponte appoint counsel for indigent parents:

> Unless waived as provided by Rule 6.2, counsel shall be appointed on the court's own motion to represent the parents, guardian, or custodian of the child charged with offense against the child at hearings which may involve termination of their rights when legal aid or public defender counsel is not available, and they are financially unable to employ counsel to represent themselves. The court may, upon request therefor, when legal aid or public defender counsel is not available and they are financially unable to employ counsel to represent themselves, appoint counsel to represent such persons at other hearings conducted under provisions of the juvenile code or these rules.

This provision is substantially unchanged in the court rule adopted in 1985, MCR 5.906(C)(2)(b).

In determining whether a proceeding is one which may involve termination of parental rights requiring the appointment of counsel under the court rule, Chief Judge DANHOF offered the following thoughts in *In re Perry,* 148 Mich App 601, 614; 385 NW2d 287 (1986):

> In my view, the language of JCR 1969, 6.3(A)(2)(b), "hearings which may involve termination of [parental] rights", contemplates a proceeding in which a petition seeking *permanent* custody and termination has been filed or a proceeding in which the probate court has indicated that termination, an alternative which was not actually previously considered, has become a possibility. [Emphasis in original.]

In applying Judge DANHOF's view to the instant case, we conclude that the trial court erred in

failing to sua sponte appoint counsel for respondent earlier than it actually occurred.

Respondent argues that counsel should have been appointed for her at both the February and November statutory review hearings. While we are troubled over the absence of counsel at the February hearing since respondent's visitation rights were terminated, the question is not clearly resolvable inasmuch as the termination petition had not yet been filed. However, since we believe that respondent's rights were clearly violated by the failure to appoint counsel for the November hearing, we will leave the more difficult question of whether counsel should have been appointed at the February hearing for another panel.

At the time of the November hearing, a termination petition had already been filed. Clearly, the November hearing was one in which termination had become a very real possibility. In accordance with *Perry,* counsel should have been appointed to represent respondent at that hearing. Accordingly, the order terminating respondent's parental rights must be vacated.

Reversed. No costs.