## *In re* HALL

Docket No. 130026. Submitted February 13, 1991, at Detroit. Decided April 1, 1991, at 9:35 A.M.

The Wayne County Probate Court, Juvenile Division, Frances Pitts, J., entered an order terminating the parental rights of Dorita Hall to her minor children on the grounds of desertion and failure to provide proper care and custody. Hall appealed, alleging that there was insufficient evidence to warrant termination of her parental rights and that the court erred in relieving her court-appointed counsel of his duties and thereafter conducting a statutory review hearing without the presence of counsel representing her.

The Court of Appeals *held:*

1. MCR 5.915(B) requires affirmative action on the part of a respondent at a termination hearing to initiate the appointment or continuation of appointment of counsel. In this case, the respondent effectively terminated the attorney-client relationship and waived her right to counsel because she had not contacted her attorney for sixteen months before the hearing, did not appear at the hearing, and was residing at an address unknown to her attorney precluding contact.

2. The respondent was not prejudiced by the absence of counsel at the statutory review hearing where evidence of the alleged sexual abuse of her daughter was first presented because the evidence was repeated at the termination hearing at which the respondent was represented by counsel and the evidence played an insignificant role in the court's decision to terminate her parental rights.

3. The court's findings of fact regarding abandonment and neglect were not clearly erroneous.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — RIGHT TO COUNSEL.

The court rule regarding the assistance of counsel in child

### REFERENCES

Am Jur 2d, Parent and Child § 34

Right of indigent parent to appointed counsel in proceeding for involuntary termination of parental rights. 80 ALR3d 1141.

protective proceedings requires affirmative action on the part of a respondent to initiate the appointment and continuation of appointment of counsel in all hearings which may affect the respondent's parental rights (MCR 5.915[B]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — RIGHT TO COUNSEL — WAIVER.

The right to counsel in all hearings which may affect a respondent's parental rights may be waived or relinquished (MCR 5.915[B][1][c]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Judy A. Hartsfield,* Assistant Attorney General, for the Department of Social Services.

*Neil A. McQuarrie,* for Dorita Hall.

Amicus Curiae:

*Wayne County Juvenile Trial Lawyers Association* (by *Scott F. Bergo).*

Before: MACKENZIE, P.J., and GRIBBS and GRIFFIN, JJ.

GRIFFIN, J. Respondent, Dorita Hall, appeals as of right from a probate court order terminating her parental rights to her three minor children. In her first argument on appeal, respondent contends that the probate court erred when it conducted a statutory review hearing without her counsel being present. We disagree, and hold that MCR 5.915(B) requires affirmative action on the part of the respondent to trigger the appointment and continuation of appointed counsel in all hearings which may affect the respondent's parental rights.

I

Before the order of termination in this case,

respondent's children had been under the court's jurisdiction on the basis of neglect since November 24, 1987. Originally, the children were placed with respondent. Later, in the spring of 1988, the children were placed with their maternal grandmother in Chicago, Illinois. Ultimately, the children were returned to Michigan and placed in foster care in the summer of 1989.

The review hearing at issue took place on December 13, 1989. Before this date, respondent had been represented by appointed counsel, Steven Menken, who consistently appeared at various hearings on respondent's behalf. However, at a review hearing held on September 8, 1989, the probate court relieved Menken of his duties after Menken advised the court that he did not know his client's whereabouts, had not been in contact with her for over sixteen months, and did not know her wishes.[1]

At the December 13, 1989, hearing, counsel for

---

[1]

*Mr. Menken:* Your Honor, I don't have a client here. I'm not sure what her wishes are.

\* \* \*

*Mr. Menken:* I haven't had contact with her. She was here, I think, the last time when the children were placed with the grandmother. Then, she moved to Chicago. When she moved there she has not come to the hearings.

*The Court:* But, has she contacted you?

*Mr. Menken:* No.

*The Court:* Have you been in contact with her?

*Mr. Menken:* No. She·was only—I think, in the interim—I don't know how long she was at that address. But, I've never had contact with her or a phone number from her at that address.

*The Court:* Did you have an address for her?

*Mr. Menken:* Just that last known address.

*The Court:* Did you try to contact her there?

*Mr. Menken:* No, basically what happened was we came in and she—the child was placed with the grandmother. I think it was already a bad address. They sent out letters on three different occasions and it [sic] came back. There were some before, I think, too. So, I've had no contact.

the children urged the court not to proceed in the absence of counsel for respondent. Counsel expressed his belief that to do so would risk reversal because a supplemental petition seeking permanent, custody and termination of parental rights was already pending. Nonetheless, the court chose to proceed and received testimony from caseworker Darlene Owens. For the first time in the case, Owens testified that respondent's daughter had been sexually abused by respondent's boyfriend while she resided with her grandmother.

II

On appeal, respondent contends that the taking of this "new" testimony in the absence of counsel warrants reversal. In support of her position, respondent relies almost exclusively on our holding in *In re Lockett,* 160 Mich App 319; 408 NW2d 144 (1987). In *Lockett,* on facts virtually identical to the present case, we held that it was error for the trial court to fail to appoint counsel sua sponte for a respondent at a review hearing where, as here, a petition seeking termination of parental rights had been filed or termination had become a possibility. *Id.,* pp 321-322. Significantly, the panel in *Lockett* based its holding entirely on the language of former JCR 1969, 6.3(a)(2)(b), which provided as follows:

Unless waived as provided by Rule 6.2, counsel shall be appointed on the court's own motion to represent the parents, guardian, or custodian of the child charged with offense against the child at hearings which may involve termination of their rights when legal aid or public defender counsel is not available, and they are financially unable to employ counsel to represent themselves. The court may, upon request therefor, when legal aid or

public defender counsel is not available and they are financially unable to employ counsel to represent themselves, appoint counsel to represent such persons at other hearings conducted under provisions of the juvenile code or these rules.

Candidly, respondent admits in her brief that the proceedings in the present case were not governed by JCR 1969, 6.3(a)(2)(b), but rather by MCR 5.915(B). This rule provides in pertinent part:

> (B) Child Protective Proceedings.
> (1) Respondent.
> (a) At respondent's first court appearance, the court shall advise the respondent of the right to retain an attorney to represent the respondent at any hearing conducted pursuant to these rules and that
> (i) the respondent has the right to a court-appointed attorney if the respondent is financially unable to retain counsel, and,
> (ii) if the respondent is not represented by an attorney, that the respondent *may request and receive a court-appointed attorney at any later hearing.*
> (b) When it appears to the court, following an examination of the record, through written financial statements, or through other means that the respondent is financially unable to retain an attorney *and the respondent desires an attorney,* the court shall appoint one to represent the respondent at any hearing conducted pursuant to these rules.
> (c) The respondent may waive the right to an attorney, except that the court shall not accept the waiver by a respondent who is a minor when a parent or guardian ad litem objects to the waiver. [Emphasis added.]

In light of the significant differences between the language of MCR 5.915(B) and JCR 1969, 6.3(a)

(2)(b), we reject respondent's assertion that MCR 5.915(B) preserved the requirement of *Lockett* that a court sua sponte must appoint counsel at all hearings where termination has become a possibility. Significantly, the rule no longer requires that counsel be appointed upon "the court's own motion." As recognized by the trial court, MCR 5.915(B) charges parents with "some minimum responsibility" in regard to having counsel appointed for their benefit. We agree and hold that MCR 5.915(B) requires affirmative action on the part of a respondent in order to have an attorney appointed at statutory review hearings.

Furthermore, we hold that the right to counsel may be "waived" or relinquished, MCR 5.915(B)(1)(c). We find that to be the case here. The record reflects that respondent failed to contact her appointed counsel for sixteen months, did not appear at review hearings herself, and was residing at an unknown address in Chicago where counsel was unable to locate her. We agree with the lower court that an ongoing attorney-client relationship is essential to the continuation of appointed counsel. Here, respondent effectively terminated the attorney-client relationship, thereby "waiving" or relinquishing her right to counsel until such time as she reasserted her right.

III

A second and independent basis for our affirmance rests upon a harmless-error analysis. The record reveals that, upon respondent's request, Mr. Menken was later reappointed by the court to represent respondent. Menken thereafter appeared and represented respondent at the termination hearing. At that time, Owens again testified that respondent's daughter had been sexually abused

while she was staying with her grandmother and had contracted a venereal disease, although Owens did not make reference to the perpetrator. We fail to see, and respondent has failed to indicate, how she was prejudiced by the absence of counsel at the earlier review hearing, because the testimony regarding sexual abuse was repeated at the termination hearing.

Also in this regard, we note that respondent's parental rights were not terminated as a result of her failure to protect the child from sexual abuse. See MCL 712A.19b(3)(b)(ii); MSA 27.3178(598.19b) (3)(b)(ii). Rather, her parental rights were terminated on the grounds of desertion and failure to provide proper care and custody. MCL 712A.19b(3) (a)(ii); MSA 27.3178(598.19b)(3)(a)(ii), MCL 712A.19b(3)(d); MSA 27.3178(598.19b)(3)(d). After a thorough review, we are convinced that the evidence of a sexual assault played an insignificant role in the trial court's decision to terminate respondent's parental rights. In its findings of fact, the trial court focused on respondent's abandonment and made only a terse reference to the fact that "at the time the child returned from Chicago the child had gonorrhea." In so far as the court found this matter relevant, its finding was supported by testimony at the termination hearing at which respondent was represented by counsel.

IV

Respondent next contends that the trial court erred in finding a sufficient statutory basis to warrant termination. We disagree. The evidence established that respondent had little or no contact with her children from the time they were placed with their grandmother, and that respondent failed to comply with parent agency agree-

ments geared at providing the children with a stable home. Upon review, we are unable to conclude that the trial court's findings of fact regarding abandonment and neglect were clearly erroneous. MCR 5.974(I); *In re Miller,* 433 Mich 331, 337; 445 NW2d 161 (1989).

Affirmed.