# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. M. TAYLOR, Minor.

UNPUBLISHED
September 22, 2016

No. 331063
Wayne Circuit Court
Family Division
LC No. 12-505961-NA

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her daughter, AT. The court found that there was clear and convincing evidence that a statutory basis exists for terminating parental rights under MCL 712A.19b(3)(a)(*ii*) (parent deserted the child for 91 or more days), (c)(*i*) (conditions that led to the adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood that child will be harmed if returned to parent). We affirm.

## I. FACTS

The trial court took jurisdiction over one-year-old AT and her three-year-old half-sister in March 2012 after respondent attempted suicide by overdosing on prescription pills. The children were alone with respondent at the time. Under her case-service plan, respondent was to participate in individual therapy, family therapy, mental health services, and parenting classes. She was also ordered to get and maintain suitable housing and a legal source of income, undergo random drug screens, and comply with the court's visitation order.

Throughout the proceedings, which lasted over three years, evidence was consistently presented indicating that respondent was only partially compliant with her treatment plan. Respondent failed to attend individual and family counseling sessions, failed to test for drugs regularly, tested positive for drugs when she did test, and failed to attend many of the scheduled visitation sessions with her children. Respondent did complete parenting classes, however. Despite this lack of progress, petitioner continued to ask the court for additional time to allow

-1-

respondent to benefit from services. Eventually, the court decided that AT could no longer wait, and respondent's parental rights were terminated.[1]

## II. ANALYSIS

Respondent argues that the court erred in finding that statutory grounds for termination existed. We review for clear error a trial court's finding that at least one statutory ground for termination has been established by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). Evidence is clear and convincing when it is so direct, weighty, and convincing that it enables the trier of fact to come to a clear conviction, without hesitation, of the truth of pertinent facts in issue. *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). "Only one statutory ground for termination need be established." *In re Olive/Metts Minors*, 297 Mich App 35, 41; 823 NW2d 144 (2012).

### A. MCL 712A.19b(3)(a)(*ii*)

Termination under MCL 712A.19b(3)(a)(*ii*) is justified when a parent has "little or no contact with her children" and fails "to comply with parent agency agreements geared at providing the children with a stable home." *In re Hall*, 188 Mich App 217, 223-224; 469 NW2d 56 (1991). In this case, foster-care worker Jahada Turner testified that she could not locate respondent from April 2015 until July 2015, when respondent finally contacted Turner. Turner testified that respondent visited AT on January 23, 2015 and July 30, 2015, but did not attend any further visits until December 2, 2015. Respondent also did not attend any proceedings held from January 26, 2015 through November 6, 2015. Thus, respondent did not visit AT nor attend any of the proceedings from January 24, 2015 through July 30, 2015 (a period of 182 days) and again from July 31, 2015 through December 2, 2015 (a period of 125 days).

Additionally, respondent failed to comply with the parent-agency agreement. She was ordered to participate in individual therapy, family therapy, mental health services, and parenting classes, and maintain a legal source of income and suitable housing. Respondent failed to satisfy these conditions, except for completing parenting classes, and even then the evidence is that she had not benefited from the classes. This sustained lack of involvement with AT and the treatment plan evidences a decision not to attend to rectifying the circumstances that led to the removal of the child, which in turn can be understood as a decision not to seek custody. Respondent essentially gave up on the situation. The trial court did not clearly err by finding that clear and convincing supported termination of respondent's parental rights under MCL 712A.19b(3)(a)(*ii*).

### B. MCL 712A.19b(3)(c)(*i*) & (g)

---

[1] AT's half-sister eventually was placed with the child's father and is not a subject of this appeal.

Statutory grounds for termination of parental rights, MCL 712A.19b(3)(c)(*i*) and (g), are properly reviewed together because "each of these grounds requires clear and convincing proof that the parent has not provided proper care and custody and will not be able to provide proper care and custody within a reasonable time." *In re Mason*, 486 Mich 142, 164-165; 782 NW2d 747 (2010). It is not in dispute that more than 182 days (in fact more than three years in this case) have elapsed since the trial court first issued a dispositional order.

In the presence of AT, respondent attempted to kill herself. This act left the one-year-old child and the child's three-year-old sister without anyone to care for them. After removing the children, petitioner provided numerous services in an attempt to reunify the family. But as already discussed, respondent did not take advantage of the services provided or attend visitation and drug testing. "[A] parent's failure to comply with the parent-agency agreement is evidence of a parent's failure to provide proper care and custody for the child." *In re JK*, 468 Mich 202, 214; 661 NW2d 216 (2003). Moreover, given the length of time respondent has been offered services but had failed to meet her attendant duty to participate and benefit from them, *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012), it is not likely that respondent will ever, let alone within a reasonable time, be able to provide proper care and custody for AT. Therefore, the trial court properly found clear and convincing evidence to terminate respondent's parental rights to AT under MCL 712A.19b(3)(c)(*i*) and (g).

C. MCL 712A.19b(3)(j)

MCL 712A.19b(3)(j) considers the likelihood of emotional harm as well as physical harm. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). Respondent's suicide attempt left AT and her three-year-old sister without anyone of suitable age and temperament to care for them.

Respondent testified that she has a prescription for hydrocodone, which explained her testing positive for opiates. But respondent's failure to address mental health issues underlying her previous suicide attempt while having access to an opiate raises a reasonable concern that she is at risk of once again attempting to take her life. Such action could again put AT in danger of physical harm if she were left unattended (including, but not limited to, perhaps accessing the hydrocodone). And the emotional harm attendant to a parent's suicide cannot be discounted.

When asked about her positive drug screens for opiates and marijuana, respondent gave the following answer:

> Now with that I will say when my first got token [sic] I didn't know how serious this was. I wasn't taking this serious I was young, you know. I never had been without my kids like period, ever. So, of course I was partying and, you know, and still hanging out and stuff, you know. Now, I'm trying to get it together. I stopped seeing—going to therapy, that kinda' messed me because I had a nephew that died in October. It's just been a lot going on, you know. And, I stopped use—smoking when I came here last court date and dropped dirty I quit. So, now with me testing positive it's possible that it haven't [sic] worked its way out of my system. But I haven't been smoking. I'm doing—trying to do the right thing now.

This answer does not evidence that respondent has come to grips with her drug use. She seems to equate drug use with "partying" and implies that it was the fact that she "dropped dirty" on the "last court date" that spurred her commitment to stop using drugs. She also says that she has epilepsy, but there is no indication that she has thought about how continuing substance abuse might complicate that condition. Because respondent continues to use drugs, the trial court did not clearly err by finding there is a reasonable likelihood that AT would be emotionally and physically harmed if returned to respondent's care.

Respondent's lack of motivation to participate in the services offered to assist her in having the child returned is further evidence of a likelihood of emotional and physical harm to AT. Respondent was given over three years, yet she was unable to fully comply with her case-service plan.

There is no evidence that respondent will place her child's needs before her own needs and provide her proper care, protection and guidance. The trial court did not clearly err by finding that termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(j).[2]

We affirm.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Riordan

---

[2] Respondent asserts that termination was not in AT's best interests. Her failure to advance an argument in support means that this argument has been abandoned. *MOSES, Inc v Southeast Mich Council of Gov'ts*, 270 Mich App 401, 417; 716 NW2d 278 (2006).