*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re S B Coleman-Gates, Minor.

UNPUBLISHED
April 25, 2019

No. 345642
Wayne Circuit Court
Family Division
LC No. 18-000548-NA

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to her daughter, SCG, under MCL 712A.19b(3)(f) (failure to support or communicate with the child for two or more years). We affirm.

The present proceedings were initiated when petitioner, SCG's court-appointed guardian, who began caring for SCG shortly after her birth, filed a petition seeking permanent custody of and the trial court's consent to adopt SCG. The petition sought termination of respondent's and the putative father's parental rights under MCL 712A.19b(3)(f), alleging that SCG's parents, despite having the ability to do so and without good cause, failed or neglected to provide regular and substantial support for, or to visit, contact, or communicate with SCG for two years or more before the filing of the petition.

Although attempts to serve respondent with the summons and petition were initially unsuccessful, respondent was formally served when she appeared without counsel on June 19, 2018, at a pretrial hearing before the referee. A copy of the summons served on respondent provided:

> As a respondent you have the right to be represented by an attorney. If you want an attorney, you should hire one immediately so the attorney will be ready on the hearing date. If you want an attorney but are not financially able to hire an attorney, you should contact the court immediately about a court appointed attorney.

During the hearing, the referee indicated on the record that respondent informed the court of her intent to voluntarily release her parental rights and consent to petitioner's adoption of SCG:

*The Referee*: All right. We had an off-the-record discussion in the presence of your daughter's legal counsel, and you stated that you wished to voluntarily release your parental rights, consenting to this adoption; is that correct?

*Respondent*: Yes.

*The Referee*: All right. So what's going to happen, we said this off the record but I want the record to reflect, and you can correct me if I miss anything, that after this hearing you're going to report to the adoption unit . . . . We'll give you the room number, and they will prepare the paperwork for you to consent to this. And you can come back, if we can take care of it today we will, depending on the time. And if not, we'll give you another date. But you want to do it before the August 1st bench trial date, correct?

*Respondent*: Yes.

Respondent further testified that SCG's putative father was deceased and that neither he nor any other man had ever come forward to establish paternity for SCG.

The referee stated that, assuming respondent released her parental rights, petitioner would nevertheless be required to proceed to trial regarding any putative father's parental rights. Accordingly, the referee stated that the trial court would publish notice for any unknown father. Further, the referee asked petitioner whether she intended to retain counsel or seek court-appointed counsel, for which fees would be waived if her income fell below a certain level. Petitioner waived her right to counsel. The referee did not likewise inform respondent on the record of her right to counsel. On the record, the referee scheduled a bench trial to begin on August 1, 2018.

On the date of the bench trial, only petitioner and SCG's counsel appeared. Respondent was not present, and the referee noted that she had not completed the paperwork releasing her parental rights to SCG. The referee also noted that no putative father appeared, although notice of the bench trial was published. Petitioner testified during the bench trial that she continuously cared for SCG beginning shortly after SCG was released from the hospital following her birth. Although respondent had petitioner's home address and telephone number, petitioner testified that respondent neither supported nor visited or otherwise communicated with SCG over the past two years. Based on petitioner's uncontroverted testimony, the referee stated that she would recommend to the trial court that termination of respondent's and the unknown father's parental rights was in SCG's best interests. Consistent with this recommendation, the trial court entered an order terminating respondent's and the unknown father's parental rights to SCG for the purpose of adoption by petitioner.

The sole issue presented by respondent on appeal is whether she was deprived of her statutory and constitutional right to be represented by counsel through the course of the termination proceedings. Specifically, respondent asserts that the trial court failed to inform her of her right to counsel, including court-appointed counsel, which amounts to plain error requiring reversal. We disagree.

This Court typically reviews de novo the constitutional question whether a trial court infringed upon a party's right to due process. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). However, because respondent did not raise the issue of her right to counsel before the trial court, this issue is unpreserved. See *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). We review unpreserved claims of constitutional error for plain error affecting substantial rights. *In re Williams*, 286 Mich App 253, 274; 779 NW2d 286 (2009), citing *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). An error is plain when it is clear or obvious, and it affects substantial rights when it "affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763. Reversal is warranted when a plain error seriously affected the fundamental fairness or integrity of the proceedings. *Williams*, 286 Mich App at 278.

This Court has recognized that "the United States Constitution guarantees a right to counsel in parental rights termination cases," and further that "the constitutional right of due process confers on indigent parents the right to appointed counsel at hearings that may involve the termination of their parental rights." *Id*. at 275-276. In Michigan, the right to counsel in termination proceedings is protected both by statute and by court rule. See MCL 712A.17c(4) and (5); MCR 3.915(B)(1). Specifically, MCL 712A.17c provides, in relevant part:

> (4) In a [child-protective] proceeding . . . , the court *shall advise the respondent at the respondent's first court appearance* of all of the following:
>
> (a) The right to an attorney at each stage of the proceeding.
>
> (b) The right to a court-appointed attorney if the respondent is financially unable to employ an attorney.
>
> (c) If the respondent is not represented by an attorney, the right to request and receive a court-appointed attorney at a later proceeding.
>
> (5) If it appears to the court in a [child-protective] proceeding . . . that the respondent wants an attorney and is financially unable to retain an attorney, the court shall appoint an attorney to represent the respondent. [(Emphasis added).]

The substance of MCR 3.915(B)(1) is largely identical. Additionally, both MCL 712A.17c(6) and MCR 3.915(B)(1)(c) recognize that a respondent may waive his or her right to the assistance of an attorney, unless the respondent is a minor whose parent or guardian ad litem objects.

The record in the present case demonstrates that the summons served on respondent during her first court appearance properly provided notice of her right to be represented by an attorney, as well as her right to a court-appointed attorney if she was financially unable to hire her own. Thus, the trial court discharged its obligation under MCL 712A.17c(4) and MCR 3.915(B)(1) to advise respondent of her right to an attorney. A parent seeking court-appointed counsel has "some minimum responsibility" to avail herself of that opportunity by taking affirmative action. *In re Hall*, 188 Mich App 217, 222; 469 NW2d 56 (1991) (quotation marks omitted). There is no indication in the record that respondent ever requested a court-appointed attorney or expressed an intention to retain an attorney. Nor does respondent allege on appeal that she took any affirmative steps in order to secure legal representation. To the contrary, respondent confirmed on the record that she wished to voluntarily release her parental rights to

SCG and consent to the adoption. Consistent with her stated intent, respondent did not attend the bench trial or otherwise make any effort to oppose the termination of her parental rights, although she was aware of the date the bench trial was to occur. Although respondent did not follow through with the execution of paperwork releasing her parental rights, this inaction may be construed as abandonment of the proceedings when viewed in context of her failure to appear for the bench trial. Respondent's clear lack of desire to be represented by counsel, or even to pursue custody, evinces that she waived her right to counsel under MCL 712A.17c(6) and MCR 3.915(B)(1)(c). We therefore conclude that the trial court did not plainly err, as it properly informed respondent of her right to an attorney, which she thereafter waived.

Affirmed.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola