*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re J. LOVITT, Minor.

FOR PUBLICATION
April 11, 2024
9:15 a.m.

No. 367124
Lenawee Circuit Court
Family Division
LC No. 17-001035-NA

Before: CAVANAGH, P.J., and K. F. KELLY and RICK, JJ.

K. F. KELLY, J.

Respondent-mother appeals by right the trial court's order terminating her parental rights to the minor child, JL. The record demonstrates that respondent was not properly served with the summons and supplemental petition seeking termination of her parental rights, and when she failed to appear for the corresponding termination hearing, her attorney sought and was granted withdrawal from the case. Because respondent was not properly served with the summons and supplemental petition, and was denied the right to counsel and the right to effective counsel at the termination hearing when counsel sought, and the trial court permitted, withdrawal, we vacate the trial court's order terminating respondent's parental rights and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In 2017, petitioner, the Department of Health and Human Services ("DHHS"), petitioned the court to remove JL from respondent's care. The petition alleged, among other things, physical abuse, improper supervision, educational neglect, domestic violence, and mental health neglect. Respondent entered a no-contest plea to allow the court to take jurisdiction over the child and ordered respondent to participate in a case service plan that included a psychological evaluation, domestic violence classes, attendance at the child's medical and mental health appointments, participation in weekly supervised parenting time, and the maintenance of suitable housing. After approximately 11 months of reunification services, JL was returned to respondent's care with in-home services and shortly thereafter the court terminated its jurisdiction and closed the case. After the court dismissed the case, respondent stopped participating in services.

Approximately three years later, Children's Protective Services ("CPS") investigated respondent again for similar troubling conduct. When respondent refused to cooperate with the

-1-

investigation and participate in voluntary services, DHHS petitioned the court to again take jurisdiction over JL and remove him from respondent's care. After a jury trial in June 2022, the court exercised jurisdiction over the child and ordered respondent to participate in and benefit from a treatment plan designed to improve her parenting skills and address domestic violence and suspected drug issues in respondent's home. Following respondent's complete refusal to participate in services, and her limited engagement in parenting time, DHHS filed a supplemental petition on June 20, 2023, seeking termination of respondent's parental rights under MCL 712A.19b(3)(a)(*ii*) (desertion for 91 days or more without seeking custody), (c)(*i*) (failure to rectify conditions that led to adjudication), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood the child will be harmed if returned to parent).

Respondent did not appear at the July 6, 2023 termination hearing. Shortly after her absence was noted, her attorney sought and was granted withdrawal from the case. DHHS then took testimony from its only witness, Fransheska Madrid, the foster care caseworker. Thereafter, the court found clear and convincing evidence to terminate respondent's parental rights. The court did not identify the statutory grounds on which it relied, but indicated that "at the very least, one statutory ground for termination" had been established by clear and convincing evidence. The court also concluded that termination of respondent's parental rights was in the child's best interests. This appeal followed.

## II. STANDARDS OF REVIEW

Because respondent did not raise the issue of ineffective service, lack of personal jurisdiction, or right to counsel in the trial court, the issues are unpreserved. *Demski v Petlick*, 309 Mich App 404, 426; 873 NW2d 596 (2015). Unpreserved issues are reviewed for plain error affecting substantial rights. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014)). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135, 809 NW2d 412 (2011) (quotation marks and citations omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

Claims of ineffective assistance of counsel are mixed questions of fact and law. *In re Casto*, 344 Mich App 590, 610; 2 NW3d 102 (2022). "We review for clear error a trial court's factual findings, and questions of constitutional law are reviewed de novo." *Id*. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. (quotation marks and citation omitted). Where a party fails to preserve a claim of ineffective assistance of counsel, this Court's "review is limited to mistakes apparent on the record." *In re LT*, 342 Mich App 126, 133; 992 NW2d 903 (2022).

## III. PROPER SERVICE

On appeal, respondent argues that reversal is required because she was not properly served with the summons and notice of the termination hearing, at which she was not present. We agree.

It is undisputed that respondent was served with notice of the initial petition requesting the child's removal. The trial court assumed jurisdiction over the child after respondent appeared and

a jury trial was held during the adjudicative phase. Thus, at issue in this appeal is whether the supplemental petition and summons for the termination hearing were served on respondent as required by statute. On appeal, respondent argues that the trial court lacked personal jurisdiction over her because she was not personally served with the summons and supplemental petition and the trial court failed to make a finding that personal service was impracticable before permitting alternate service. Respondent reasons that because there was no personal jurisdiction, the order terminating her parental rights was void.

"[P]arents have a significant interest in the companionship, care, custody, and management of their children." *In re Brock,* 442 Mich 101, 109; 499 NW2d 752 (1993). This interest has been characterized as an element of "liberty" entitled to due-process protections. *Id.* Due process in civil cases generally requires notice of the nature of the proceedings and an opportunity to be heard in a meaningful time and manner. *In re TK,* 306 Mich App at 706. In a child protective proceeding, a parent of a child is entitled to *personal service* of the summons and notice of proceedings. *In re SZ,* 262 Mich App 560, 564; 686 NW2d 520 (2004). "[F]ailure to provide notice of a termination proceeding hearing by personal service as required by statute . . . is a jurisdictional defect that renders all proceedings in the trial court void." *In re Atkins*, 237 Mich App 249, 250-251; 602 NW2d 594 (1999). However, if personal service is impracticable, a trial court may permit alternative service. See MCL 712A.13. When determining whether personal service would be impractical, the trial court must determine if reasonable efforts were made to locate the party. *In re Adair,* 191 Mich App 710, 714; 478 NW2d 667 (1991).

MCR 3.902 addresses service of process in juvenile proceedings. Subrule (G) states that "[a]fter a party's first appearance before the court, subsequent notice of the proceedings shall be served on that party or, if the party has an attorney, on the attorney for the party as provided in subrule (D), *except that a summons must be served for trial or termination hearing as provided in subrule (B).*" (Emphasis added.) MCR 3.902(B)(4) states:

> (a) Except as provided in subrule (B)(4)(b), a summons required under subrule (B)(2) must be served by delivering the summons to the party personally.

> (b) If the court finds, on the basis of testimony or a motion and affidavit, that personal service of the summons is impracticable or cannot be achieved, the court may by ex parte order direct that it be served in any manner reasonably calculated to give notice of the proceedings and an opportunity to be heard, including publication.

MCL 712A.13 governs substitute service. *In re SZ,* 262 Mich App at 566. This statute states, in relevant part:

> Service of summons may be made anywhere in the state personally by the delivery of true copies thereof to the persons summoned: Provided, [t]hat if the judge is satisfied that it is impracticable to serve personally such summons or the notice provided for in the preceding section, he may order service by registered mail addressed to their last known addresses, or by publication thereof, or both, as he may direct. [MCL 712A.13.]

In this case, there is no evidence that respondent was personally served with the summons or that the court was properly presented with an appropriate motion for alternate service. Indeed, there is no evidence confirming that respondent was served with the summons and supplemental petition by any permissible manner.

Madrid testified during the termination hearing regarding respondent's absence. When asked if respondent received the petition and summons for that day's hearing, Madrid testified that she had and further explained that respondent stated that she received the summons and the petition but that she was not able to be there in person to meet the caseworker. Later, when asked if respondent and the child's father were "properly notified about the hearing today," Madrid replied, "yes they were." However, Madrid did not testify that she understood what constituted proper service or clarify how respondent was actually "properly notified."

Included in the lower court file is an "Affidavit of Efforts to Locate Absent Parent," dated June 26, 2023, and signed by Madrid. In the affidavit, Madrid attested to efforts to locate and serve the summons on respondent. According to Madrid, she interviewed respondent's mother and the child's relative caregiver. Madrid also contacted the Lenawee County Friend of the Court, checked state and federal correctional systems, and attempted to have respondent served with the summons at respondent's last known address. Madrid also called and texted respondent at her last known telephone number. Despite these efforts, Madrid, apparently was unable to locate respondent. Although there is an affidavit of efforts included in the lower court file, there is no corresponding ex parte motion requesting the court's authorization to pursue alternate service. More importantly, there is no order permitting something other than personal service. Of note, after the filing of the affidavit to locate absent parent, two more proofs of service were filed with the trial court. Neither confirm service of process on respondent.

In sum, there is no evidence in the lower court record that respondent was personally served with the summons and the supplemental petition. Moreover, there is no evidence that alternate service was requested or granted. Indeed, it is difficult to conclude from the record how respondent was provided notice, if at all, of the July 6, 2023 termination hearing. Despite these obvious failings to serve respondent, the trial court nevertheless went forward with the termination hearing in respondent's absence and, to further exacerbate the situation, allowed respondent's counsel to withdraw from representation as a result of respondent's failure to appear. Because respondent was not served in accordance with the requirements of MCL 712A.13 and the court rules, the trial court lacked jurisdiction to terminate her parental rights at the July 2023 termination hearing and, accordingly, plainly erred when it proceeded with the termination proceeding. *In re Atkins,* 237 Mich App at 250-251.

## IV. DUE PROCESS

Respondent also argues that the trial court violated respondent's right to due process by allowing her attorney to withdraw at the start of the termination hearing and proceeding with the termination hearing in respondent's absence after she had not been properly served with the summons for the hearing. We agree.

A parent has a right to a lawyer in child protective proceedings, including the right to appointed counsel. *In re Williams,* 286 Mich App 253, 275-276; 779 NW2d 286; MCR

3.915(B)(1). "An attorney who has entered an appearance may withdraw from the action or be substituted for only with the consent of the client or by leave of the court." However, MCR 3.915(B) places responsibility on the parents having counsel appointed for their benefit. *In re Hall,* 188 Mich App 217, 222; 469 NW2d 56 (1991). Moreover, the right to counsel may be waived or relinquished by a respondent's conduct or inaction. *Id.*, citing former MCR 5.915(B)(1)(c).[1]

Nevertheless, the trial court must still ensure that a client's rights and interests are protected when permitting an attorney to withdraw. "An attorney who represents a client cannot withdraw from a case in a manner which leaves his client without notice and without an adequate opportunity to seek other representation." *People v Bruinsma*, 34 Mich App 167, 177; 191 NW2d 108 (1971).[2] Attorneys seeking to withdraw from representation must do so "with consent of the client or by leave of the court." *In re Withdrawal of Attorney*, 234 Mich App 421, 431; 594 NW2d 514 (1999). In *In re Withdrawal of Attorney*, *id*., the Court considered Michigan Rule of Professional Conduct 1.16(b) to determine whether an attorney should be permitted to withdraw as counsel. MRPC 1.16(b) states that

> a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> * * *
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client . . . .

At the beginning of the hearing, respondent's attorney asked the court to make a "preliminary motion," stating that because respondent had not appeared for the hearing, "I don't know how I can be effective counsel." Thus, he asked "to be allowed to withdraw from this proceeding." According to her attorney, he did not "know what [respondent's] position is" thus he did not know "how [he] can be effective counsel." Without further questioning from the court, respondent's attorney was granted permission to withdraw. This was plain error. Putting aside the fact that respondent's attorney apparently had not communicated with his client before the day of the hearing to understand what her "position" was, the simple fact that respondent failed to appear was insufficient to demonstrate that representation of her was "unreasonably difficult." See MRPC 1.16(b)(5). Neither counsel nor the court reviewed the court file to determine whether

---

[1] In *In re Hall,* this Court addressed and applied former MCR 5.915, the predecessor to current MCR 3.915. The court rules governing child protective proceedings were formerly codified in supchapter 5.901 *et seq.* of the Michigan Court Rules. They were re-designated to subchapter 3.901 *et seq.*, effective May 1, 2003. Current MCR 3.915(B) is substantially similar to former MCR 5.915(B)

[2] Although cases decided by this Court before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), we may consider them as persuasive authority. *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2013).

respondent had even been properly served and, therefore, required to attend. As the preceding section of this opinion sets forth, respondent was not.

The record establishes that respondent intended to contest the termination of her parental rights with the assistance of her trial counsel. Respondent attended and participated in the overwhelming majority of the court hearings. The record confirms that respondent was not properly served with the summons and supplemental petition indicating that the termination hearing would go forward on July 6, 2023. Under these circumstances, there is no indication that respondent's absence at the July 6, 2023 termination hearing evidenced her intent to relinquish or waive her right to counsel and not present a defense to the supplemental petition seeking termination of her parental rights. See *In re Hall,* 188 Mich App at 222.

Moreover, respondent was clearly prejudiced by the trial court's actions. At the preceding hearing, respondent's counsel signaled an intent to present a defense that DHHS failed to make reasonable efforts to accommodate respondent's alleged challenges in complying with services because of head injuries she sustained in a relatively recent motor vehicle accident. This did not occur because respondent's trial counsel withdrew from the termination hearing. On the other hand, DHHS was able to present its case against respondent completely unchallenged. The trial court's actions in proceeding with the termination hearing without informing respondent that she no longer had the assistance of her appointed counsel plainly violated respondent's right to due process and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. See *In re Utrera*, 281 Mich App at 9.

When an attorney seeks to withdraw from representation of a client, both the attorney and the court have an obligation that the client is reasonably informed and given an opportunity to obtain other counsel. See *Bruinsma*, 34 Mich App at 177. Moreover, the trial court may not permit the attorney to withdraw without first determining whether the attorney has good cause to do so. MRPC 1.16(b)(5). Neither of these requirements were satisfied here, and the trial court plainly erred when it permitted respondent's attorney to withdraw.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, respondent argues that she was denied the effective assistance of counsel when her attorney withdrew his representation of her on the day of the termination hearing and without giving notice to her. We agree.

To establish ineffective assistance of counsel, "it must be shown that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent." *In re Martin*, 316 Mich App 73, 85; 896 NW2d 452 (2016). "The effective assistance of counsel is presumed, and a party claiming ineffective assistance bears a heavy burden of proving otherwise." *In re Casto*, 344 Mich App at 612. "The Court cannot substitute its judgment for that of counsel's on matters of litigation strategy, and counsel's performance must be judged based on the knowledge, expertise, and information reasonably available when counsel formulated and implemented the litigation strategy." *Id*. To establish prejudice, a party claiming ineffective assistance "must show that but for counsel's deficient performance, a different result would have been reasonably probable." *Id*. at 621.

Respondent has demonstrated that her attorney's legal representation of her fell below an objective standard of reasonableness and that she was prejudiced by counsel's poor performance. Immediately after the opening of the hearing, respondent's counsel informed the court that respondent was not present and that he wished to withdraw. There is no indication that counsel attempted to ascertain respondent's location or that he investigated whether she was properly served with the summons and the supplemental petition. Seeking to withdraw without first engaging in the minimal effort to locate his client to notify them is conduct that falls below an objective standard of reasonableness. See *In re Collier,* 314 Mich App 558 n 5; 887 NW2d 431 (2016) ("Practitioners in the field of child protective proceedings know well that some parents do not always show up for hearings."). Moreover, because the court appointed respondent a lawyer, she was entitled to reasonably assume that she would be represented at any further proceedings despite her absence. Nonetheless, respondent's lawyer left respondent without representation and without her knowledge and consent.

Respondent was also prejudiced by the withdrawal of trial counsel. See *id*. ("In those instances [where a parent does not appear], assuming proper notice was given, a parent's interests are protected by counsel."). In this case, trial counsel's actions left respondent's interests unprotected. Trial counsel was not present to challenge the lack of proper service on respondent. Further, no substantive challenges were made to the supplemental petition. Respondent's counsel indicated on the record that he could not be effective because, with respondent's absence, he had no idea how she wished to proceed. This representation to the trial court is not well taken considering at the hearing that immediately preceded the termination hearing, counsel represented that respondent's defense would include an argument that DHHS failed to accommodate respondent's disabilities related to her medical issues. Trial counsel's absence deprived respondent of the opportunity to provide this defense. Accordingly, respondent has overcome the presumption that she was provided the effective assistance of counsel and is entitled to a new hearing.

We vacate the trial court's order terminating respondent's parental rights and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michelle M. Rick