# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DAVIS/FERO, Minors.

UNPUBLISHED
June 8, 2017

No. 335486
Cheboygan Circuit Court
Family Division
LC No. 14-008457-NA

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

The trial court terminated respondent S. Fero's parental rights to five of her children, BD, DD, AF, RF, and JF, pursuant to MCL 712A.19b(3)(a)(*ii*) (desertion), (b)(*ii*) (failure to prevent injury or abuse), (c)(*i*) (the conditions that led to adjudication continue to exist), (c)(*ii*) (other conditions that caused the children to come within the court's jurisdiction exist), (g) (parent failed to provide proper care and custody), and (j) (reasonable likelihood that the children will be harmed if returned to the parent).[1] Respondent appeals as of right. We affirm.

## I. FACTUAL BACKGROUND

Respondent's relationship with her husband R. Fero involved domestic violence. In October 2014, respondent received abusive text messages from R. Fero while she was at work, feared for her children's safety, and called the police. Child protective services worker Doug Gilmet testified that he and respondent agreed that she would take the children to a shelter. Instead, respondent and R. Fero took the children to Florida. Accordingly, the trial court entered an ex-parte order for the children's removal. The children then returned to Michigan and entered foster care on October 17, 2014.

The trial court took jurisdiction over the children on February 4, 2015. Respondent admitted that the children witnessed R. Fero abuse her and that she failed to protect the children from physical and verbal abuse by R. Fero. The trial court then ordered respondent to participate in services. Services included domestic violence counseling, therapy for the children, parenting

---

[1] Respondent R. Fero is the father of DD, AF, RF, and JF. The trial court also terminated his parental rights. However, respondent R. Fero is not a party to this appeal.

-1-

classes, and parenting time. An amended petition further alleged that respondent's housing and income were unstable and inadequate.

Initially, respondent participated in services. However, her participation decreased over time. Then, respondent stopped visiting her children. Additionally, respondent filed for divorce, but the case was dismissed for lack of progress.

On September 15, 2016, petitioner filed a petition to terminate respondent's parental rights. The trial court then held a termination hearing. At the conclusion, the trial court found statutory grounds to terminate respondent's parental rights, concluded that termination was in the children's best interests, and entered an order terminating respondent's parental rights.

## II. STANDARD OF REVIEW

We review for clear error the trial court's factual findings, *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010), conclusions regarding statutory grounds for termination, *id*., and conclusions regarding the children's best interests, *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). A finding "is clearly erroneous if [we] ha[ve] a definite and firm conviction that a mistake has been committed." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

## III. STATUTORY GROUNDS

Respondent argues that the trial court erred in finding that clear and convincing evidence established statutory grounds for termination. We disagree.

The trial court must find clear and convincing evidence of at least one statutory ground listed in MCL 712A.19b(3) to terminate parental rights. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011).

In this case, the trial court concluded that statutory grounds existed to terminate respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (b)(*ii*), (c)(*i*), (c)(*ii*), (g), and (j). None of these conclusions are clearly erroneous.

To terminate parental rights pursuant to MCL 712A.19b(3)(a)(*ii*), the trial court must find clear and convincing evidence that a "parent has deserted the child for 91 or more days and has not sought custody of the child during that period." A parent deserts a child when he or she intentionally or willfully abandoned a child for at least 91 days prior to the filing of the termination petition. *In re B & J*, 279 Mich App 12, 18-19 n 3; 756 NW2d 234 (2008); See *In re Laster*, 303 Mich App 485, 492; 845 NW2d 540 (2013). This Court has upheld termination orders when a parent had little or no contact with a child and failed to comply with services during this time period. See, e.g., *In re Hall*, 188 Mich App 217, 223-224; 469 NW2d 56 (1991); *In re Laster*, 303 Mich App at 492.

At the time petitioner filed the termination petition in this case, respondent had not seen any of her children for over 91 days. She had no contact with BD and DD. She asked about speaking to the younger children by phone, but did not follow up on her inquiry. Additionally, she did not comply with services during the relevant 91-day period. She did not attend

counseling consistently, seek parenting time, have stable housing, or have verifiable income. Therefore, the trial court did not clearly err in finding statutory grounds to terminate respondent's parental rights under this subsection.

The trial court must find clear and convincing evidence that "[t]he child or a sibling of the child has suffered physical injury or physical . . . abuse," "[t]he parent who had the opportunity to prevent the physical injury or physical . . . failed to do so," and "there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home" to terminate parental rights pursuant to MCL 712A.19b(3)(b)(*ii*). Accordingly, this Court will uphold a finding of a reasonable likelihood of future harm if the parent continually placed her children in the care of an abuser after knowing about the abuse, *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 636-637; 853 NW2d 459 (2014), or placed her desire to have a relationship with an abuser over the needs of her children, *In re Gonzales/Martinez Minors*, 310 Mich App 426, 432; 871 NW2d 868 (2015).

In this case, respondent agreed that R. Fero physically abused the children. Further, she agreed that she failed to protect the children from this abuse because she did not remove them from the home. In October 2014, respondent called the police when she feared that R. Fero was harming the children, formed a plan to take the children to a shelter, but, instead, went to Florida with the children *and* R. Fero. At the time of the termination hearing, respondent remained married to R. Fero, had no explanation for her failure to pursue the divorce to completion, and would not disclose her address. Therefore, the trial court did not clearly err in finding statutory grounds to terminate respondent's parental rights under this subsection.

To terminate parental rights pursuant to MCL 712A.19b(3)(c)(*i*), the trial court must find clear and convincing evidence that "182 or more days have elapsed since the issuance of an initial dispositional order," [t]he conditions that led to the adjudication continue to exist," and "there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age."

The trial court entered this case's initial disposition order in February 2015. Adjudication occurred because the children witnessed domestic violence between respondent and R. Fero, and the respondent failed to protect the children from R. Fero's physical and verbal abuse. At the time of the termination hearing, respondent remained married to R. Fero, had no explanation for her failure to divorce him, and would not disclose her address. Further, respondent failed to engage consistently in counseling to address domestic violence. Therefore, the trial court did not clearly err when it found statutory grounds to terminate respondent's parental rights under this subsection.

The trial court must find clear and convincing evidence that "182 or more days have elapsed since the issuance of an initial dispositional order, "[o]ther conditions exist that cause[d] the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions," "the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions," "the conditions have not been rectified," and "there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age" to terminate parental rights pursuant to MCL 712A.19b(3)(c)(*ii*).

In this case, petitioner alleged that other conditions caused the children to come within the trial court's jurisdiction: respondent had unstable housing, had unstable income, and failed to benefit from services. The trial court indicated at adjudication that the Department of Health and Human Services would provide respondent housing and employment assistance. The trial court then monitored her progress through several dispositional review hearings. During this time, respondent moved multiple times and quit at least one job. At the time of the termination hearing, respondent had failed to secure stable housing and verifiable employment sufficient to support herself and the children. Therefore, the trial court did not clearly err in finding statutory grounds to terminate respondent's parental rights under this subsection.

To terminate parental rights pursuant to MCL 712A.19b(3)(g), the trial court must find clear and convincing evidence that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." If a parent fails to participate in and benefit from a treatment plan, we will conclude that the parent "will not be able to provide a child proper care and custody." *In re White*, 303 Mich App at 710.

Respondent did not fully comply with or benefit from services in this case. At the time of the termination hearing, the children had been in foster care for nearly two years. No evidence showed that respondent was reasonably likely to be able to provide proper care and custody for the children within a reasonable time. Therefore, the trial court did not clearly err in finding statutory grounds to terminate respondent's parental rights under this subsection.

The trial court must find clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent" to terminate parental rights pursuant to MCL 712A.19b(3)(j). Actual physical abuse need not be established. See *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). This Court must also consider the risk of emotional harm. *Id*. A "parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *In re White*, 303 Mich App at 711.

Again, respondent did not comply with services. She remained married to R. Fero. One child continued to experience night terrors and another child was afraid of returning to respondent's custody because of past events. Therefore, the trial court did not clearly err in finding statutory grounds to terminate respondent's parental rights under this subsection.

## IV. BEST INTERESTS

Respondent also argues that the trial court erred in finding that termination of her parental rights was in the children's best interests. We disagree.

After a trial court finds clear and convincing evidence of a statutory ground supporting termination, the trial court must determine whether termination is in a child's best interests. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). In determining a child's best interests, the trial court may consider the child's need for stability and permanency and whether the child is progressing in its current placement. *In re VanDalen*, 293 Mich App at 141-142. In

addition, the trial "court may consider the child's bond to the parent," "the parent's parenting ability," and "the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42. A trial court must terminate if it finds by a preponderance of the evidence that termination is in the child's best interests. MCL 712A.19b(5); *In re White*, 303 Mich App at 713.

Here, the trial court properly considered the children's best interests because it found statutory grounds supporting termination.

In considering the children's best interests, it found that the children had been in foster care for nearly two years and that the children deserved permanence and stability. Respondent lacked stable housing, lacked stable employment, had not consistently engaged in counseling, had not consistently engaged in parenting time, and could not meet her children's need for counseling. Further, BD and DD did not wish to have a relationship with respondent. In contrast, the trial court found that the foster parents were meeting the children's needs, and the children were bonded to their foster parents. Therefore, the trial court did not clearly err in finding that termination was in the children's best interests.

We affirm.

/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell