*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FARRIS/WHITE, Minors.

FOR PUBLICATION
February 24, 2022

No. 357743
Wayne Circuit Court
Family Division
LC No. 2020-000837-NA

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

RONAYNE KRAUSE, J. *(concurring)*

I concur with the majority in almost all respects, but I respectfully disagree that this Court lacks jurisdiction. Rather, I would dismiss this appeal for failure to pursue this appeal in conformity with the court rules.

As the majority states, this Court has jurisdiction over appeals of right "filed by an aggrieved party" from certain judgments and orders. MCR 7.203(A). An "aggrieved party" means, generally, a person whose own interests were actually harmed by the decision of the trial court. *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 290-292; 715 NW2d 846 (2006). Because respondent's parental rights were terminated by the trial court, respondent is obviously an "aggrieved party" under the circumstances, and I do not understand the majority to suggest otherwise. Rather, the majority concludes that because the appellate counsel appointed for respondent filed the claim of appeal without input from respondent, the appeal was not "filed *by* an aggrieved party" as required by MCR 7.203(A). I respectfully disagree.

It is relatively uncommon for parties to file their own appeals. Rather, appeals are generally filed and prosecuted by an attorney, who acts as an agent for the aggrieved party. See *Uniprop, Inc v Morganroth*, 260 Mich App 442, 447; 678 NW2d 638 (2004). Thus, "filed *by* an aggrieved party" essentially means, in reality, "filed by an aggrieved party *or by an attorney representing the aggrieved party*." The authority of an attorney "may be governed by what he is expressly authorized to do as well as by his implied authority." *Id.* Because this appeal was filed by an attorney who was appointed on behalf of respondent for the express purpose of appealing from the trial court's decision, in combination with the jurisdictional nature of timing requirements and the

-1-

commonality of attorneys claiming appeals on behalf of their clients, I would conclude that appellate counsel here clearly had the implied authority to file the appeal in this matter.

I understand why the majority concludes that appellate counsel should not have been appointed. Because respondent did participate at one point and was aware that trial counsel had been appointed on his behalf, he may have been entitled to assume that his trial counsel would stay the course despite respondent's absence. See *In re Collier*, 314 Mich App 558, 571-572; 887 NW2d 431 (2016). However, notwithstanding respondents' right to representation, respondents bear some responsibility for pursuing that right, and that right may be waived through respondents' conduct. See *In re Hall*, 188 Mich App 217, 221- 222; 469 NW2d 56 (1991), discussing former MCR 5.915(B)(1), which is now substantively located at MCR 3.915(B)(1). By the time appellate counsel was appointed, respondent had clearly waived any right to such appointment. Nevertheless, it is commendable that the trial court and the involved attorneys sought to protect respondent's rights by appointing appellate counsel and filing this appeal. Furthermore, critically, the appointment actually occurred. Having been appointed, whether rightly or wrongly, appellate counsel necessarily had the implied authority to claim an appeal by right on behalf of respondent, even in the absence of express direction from respondent. Therefore, I consider it irrelevant whether the appointment was proper, and I would conclude that this appeal was "filed by an aggrieved party" within the meaning of MCR 7.203(A).

Conversely, as the majority also points out, appellate counsel was unable to contact respondent during the pendency of this appeal. Trial counsel had likewise been unable to contact respondent for several months by the time trial counsel filed a request for appellate counsel, so appellate counsel did not even have second-hand direction from respondent. I cannot conclude that appellate counsel's implied authority extended to prosecuting the appeal without *any* input whatsoever from an absent client, and respondent's rights do not extend to relying on the appointment of appellate counsel. Indeed, in the absence of any input from respondent, it is impossible to know whether respondent even *wants* to retain his parental rights—or, as was speculated in the trial court, whether respondent is even still alive.

I note that appellate counsel's efforts to pursue this appeal were commendable. However, I would conclude that it was *not* within appellate counsel's implied authority to pursue the appeal beyond the initial filing; and with no input from respondent, pursuing the appeal was also not within appellate counsel's express authority. I would therefore treat respondent's *brief* as not having truly been filed on his behalf. In other words, I believe this Court should treat respondent as having failed to comply with the requirement of MCR 7.212(A)(1)(a) that "[t]he appellant shall file . . . a brief with the Court of Appeals." As a result, I believe that the appeal should be dismissed pursuant to MCR 7.216(A)(10) for "failure of the appellant . . . to pursue the case in conformity with the rules."

I recognize that the majority and I arrive at the same outcome, and our paths to that same outcome may appear to be a distinction without a difference. However, I regard the distinction as of grave importance, because a lack of jurisdiction deprives this Court of the power to consider the matter at all and is therefore deeply fundamental. I consider it inimical to the core principles of our legal system to foreclose consideration of a matter on what is effectively a pure technicality of whether a document was signed by a party personally or by an attorney who had been expressly appointed for the purpose of appeal. Even though respondent waived any right to representation,

parental rights are nevertheless of the utmost importance, and as noted, it was commendable that the trial court and the attorneys did what they could to protect those rights in the event respondent turned up later. Because timing is essential to this Court's jurisdiction over an appeal by right, protecting respondent's rights required prompt action. Although ultimately futile in this case, because respondent in fact never reappeared, I would not foreclose the possibility by holding that this Court lacked jurisdiction. In all respects other than the specific grounds for dismissing this appeal, I concur with the majority.

/s/ Amy Ronayne Krause