*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FARRIS/WHITE, Minors.

FOR PUBLICATION
February 24, 2022
9:00 a.m.

No. 357743
Wayne Circuit Court
Family Division
LC No. 2020-000837-NA

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

CAMERON, J.

Respondent appeals the trial court's order terminating his parental rights to his minor children AF, MW, and SW under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or physical or sexual abuse), (j) (reasonable likelihood the child will be harmed if returned to parent), (k)(*ii*) (criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate), and (k)(*ix*) (sexual abuse of a child or the child's sibling). For the reasons discussed below, we dismiss for lack of jurisdiction.

## I. BACKGROUND

This matter arises from the termination of respondent's parental rights to the three minor children that he shared with Portia Lynn Mobley. On August 28, 2020, petitioner filed a petition with respect to AF, MW, and SW, as well as Mobley's three other minor children. The petition alleged that respondent had failed to protect his children from Mobley's known substance-abuse issues, had failed to remove his children from "deplorable home conditions," and was unable to provide adequate care to his children due to his own substance abuse. Petitioner requested that the trial court place all the children in foster care and exercise jurisdiction.

Respondent did not participate in a preliminary hearing that was held via videoconferencing technology. The Child Protective Services (CPS) investigator testified that she had been unable to contact respondent at his last known address, which appeared to be vacant, or at Mobley's home, which was where respondent often watched the children. The CPS investigator believed that respondent lived with Mobley, which Mobley denied. After hearing testimony, the trial court authorized the petition and the children were placed in foster care. Respondent did not

participate in the two pretrial hearings that followed; his first appearance was at the adjudication trial on January 22, 2021, via videoconferencing technology. Respondent acknowledged that he knew what was "going on" because he had been with Mobley, but could not be "in the camera" when she participated in the previous hearings. Respondent's attorney requested a trial, and respondent's adjudication trial was scheduled for March 8, 2021.[1]

Before trial, petitioner filed an amended petition which alleged that respondent had sexually abused AM and PM, two of Mobley's children who are unrelated to respondent.[2] Petitioner requested termination of respondent's parental rights to AF, MW, and SW. Respondent did not appear for the scheduled March 8, 2021 adjudication trial, which was later adjourned, and did not participate in any subsequent court proceedings. Respondent also did not respond to his attorney's attempts to contact him, and the caseworker was unable to locate him.[3] Respondent failed to appear at the combined adjudication and dispositional hearing despite the trial court sending respondent a summons via certified mail. After the close of proofs, the referee recommended that the trial court exercise jurisdiction with respect to respondent, find that statutory grounds existed to support termination of respondent's parental rights, and find that termination was in AF, MW, and SW's best interests. The trial court thereafter entered an order in accordance with the referee's recommendations. This appeal followed.

## II. ANALYSIS

The argument on appeal is that termination of respondent's parental rights was improper because the workers failed to make "any type of real effort or even a reasonable effort to contact" respondent and locate him. However, it is first necessary to address a jurisdictional matter. Although this Court's jurisdiction has not been challenged, "[a] court is, at all times, required to question sua sponte its own jurisdiction." *Tyrrell v Univ of Mich*, 335 Mich App 254, 260; 966 NW2d 219 (2020). "Whether this Court has jurisdiction to hear an appeal is a question of law reviewed de novo." *Id*. at 260-261.

MCR 7.203(A)(2) provides that this Court "has jurisdiction of an appeal of right *filed by an aggrieved party* from" "[a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule." (Emphasis added.)

---

[1] Following the January 2021 trial, the trial court exercised jurisdiction with respect to Mobley and ordered her to participate in services. At the time respondent's parental rights were terminated, Mobley was still working toward reunification with the children.

[2] AM submitted to a forensic interview during the proceeding, and the interview was recorded. The video of AM's disclosures was admitted into evidence.

[3] The caseworker testified that she had sent certified letters to respondent, that she had attempted to get updated contact information from Mobley, that she had conducted a "true person search," that she had conducted other "online searches," and that she had ensured that respondent was not incarcerated in Michigan. See *Michigan Absent Parent Protocol: Identifying, Locating, and Notifying Absent Parents in Child Protective Proceedings* (2018), § C(3), p 7. The caseworker also testified that she had called every known phone number that was associated with respondent. See *id*.

MCR 3.993(A)(4) identifies "an order terminating parental rights" as an order that is appealable to this Court by right, and MCR 7.202(4) defines "filing" as "the delivery of a document to a court clerk and the receipt and acceptance of the document by the clerk with the intent to enter it in the record of the court."

"[A]n appeal as of right in any civil case must be taken within 21 days," and "[t]he period runs from the entry of:"

> (a) the judgment or order appealed from;
>
> (b) *an order appointing counsel*;
>
> (c) an order denying a request for appointment of counsel in a civil case in which an indigent party is entitled to appointed counsel, if the trial court received the request within the initial 21-day appeal period;
>
> (d) an order deciding a post-judgment motion for new trial, rehearing, reconsideration, or other relief from the order or judgment appealed, if the motion was filed within the initial 21-day appeal period or within any further time that the trial court has allowed for good cause during that 21-day period. [MCR 7.204(A)(1) (emphasis added).]

In child protective proceedings, "an indigent respondent is entitled to appointment of an attorney to represent the respondent on appeal" "[i]n any appeal as of right[.]" MCR 3.993(A). "A request for appointment of appellate counsel must be made within 14 days after notice of the order is given[.]" MCR 3.993(D)(1). If the request "is timely filed and the court finds that the respondent is financially unable to provide an attorney, the court shall appoint an attorney within 14 days after the respondent's request is filed." MCR 3.993(D)(2). The order of appointment "must be entered on a form approved by the State Court Administrator's Office, entitled 'Claim of Appeal and Order Appointing Counsel[.]' " MCR 3.993(D)(3). The trial court must submit this order to this Court. MCR 3.993(D)(3). "Entry of the order by the trial court . . . constitutes a timely filed claim of appeal for the purposes of MCR 7.204." MCR 3.993(D)(3).

Because the trial court's entry of the order appointing appellate counsel constitutes "a timely filed claim of appeal," and because the trial court is responsible for submitting that order to this Court, the claim of appeal is filed by the trial court. Consequently, the jurisdictional issue here is whether "an aggrieved party" initiated the appellate process by requesting appellate counsel.

"An aggrieved party is not one who is merely disappointed over a certain result," but is one who "suffered a concrete and particularized injury." *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291; 715 NW2d 846 (2006). "[A] litigant on appeal *must demonstrate an injury arising from . . . the actions of the trial court . . .* rather than an injury arising from the underlying facts of the case." *Id*. at 292 (citations omitted; emphasis added). As stated in *Grace Petroleum Corp v Pub Serv Comm*, 178 Mich App 309, 312; 443 NW2d 790 (1989):

> An appeal can only be taken by parties who are affected by the judgment appealed from. There must be some substantial rights of the parties which the

judgment would prejudice. A party is aggrieved by a judgment or order when it operates on his rights and property or bears directly on his interest.

In this case, respondent did not request appointed counsel to pursue this appeal. Instead, respondent's trial counsel initiated this appeal when he requested appointed counsel on his client's behalf. However, the record is clear that trial counsel's request for appointed counsel was not made at the direction of respondent. Specifically, after the referee concluded that statutory grounds existed to exercise jurisdiction, that petitioner had established by clear and convincing evidence that statutory grounds existed to support termination of respondent's parental rights, and that termination was in the children's best interests, the referee informed respondent's counsel:

> [O]f course it's a difficult scenario to represent a client who does not appear or in fact [does] not make himself available for or assisting in his own representation. But, all things considered I think that you did a good job with regard to the circumstances that were handed to you. And I will get [you] appellate rights . . . [and] I thank and . . . excuse [you] . . . .

> But your client . . . has seven days to ask a judge to review this hearing and you also have 14 days to appeal the termination of parental rights to the Michigan Court of Appeals and appellate counsel can be provided if needed or requested.[4]

With regard to this appeal, respondent's trial counsel responded:

> I'll fill out the paperwork and send it and file it today for my client so in the event he does show up his rights will at least be protected on that issue.

Respondent's counsel then executed a request for appellate counsel "on behalf of" respondent.[5] After the trial court adopted the referee's findings of fact and conclusions of law, the trial court appointed appellate counsel to represent respondent. The trial court submitted the "Claim of Appeal and Order Appointing Counsel" and other required documentation to this Court, and appellate proceedings commenced.

Based on these facts, we conclude that "an aggrieved party" did not file the request for appellate counsel. Instead, respondent's trial counsel initiated the appeal by requesting that respondent be appointed appellate counsel. From there, appellate counsel was appointed and the appeal as of right was filed by the trial court. While "[a]n attorney often acts as his client's agent," *Uniprop, Inc v Morganroth*, 260 Mich App 442, 447; 678 NW2d 638 (2004), and generally "a principal is bound by an agent's actions within the agent's actual or apparent authority," *James v Alberts*, 464 Mich 12, 15; 626 NW2d 158 (2001), the record is clear that respondent's attorney did

---

[4] It appears that the referee was referencing the 14-day requirement contained in MCR 3.993(D)(1).

[5] Trial counsel used the incorrect SCAO form to request appellate counsel. This should have been apparent to trial counsel and the trial court because the form specifically states that "[t]his form is not to be used for requests and orders for appellate counsel after termination of parental rights. See form JC 84."

not execute the form at respondent's directive. Indeed, trial counsel readily acknowledged that he had not been in communication with respondent for several months at the time he filed the request for appellate counsel.[6] Under these circumstances, the court should have rejected the unauthorized request for appellate counsel.

Because we lack jurisdiction, we must dismiss the instant appeal.[7]


/s/ Thomas C. Cameron
/s/ Mark T. Boonstra

---

[6] During oral argument, appellate counsel acknowledged that he had also been unsuccessful in contacting respondent during the pendency of this appeal.

[7] To the extent that we have considered the argument raised on appeal, we conclude that respondent is not entitled to relief. Indeed, it is clear that respondent failed to cooperate despite repeated efforts to contact him during the proceeding. Moreover, given the facts at issue in this case, it is difficult to fathom how termination of respondent's parental rights would not have occurred had respondent participated in the proceedings.